IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALEXANDER M. KILLMAN                                                                PLAINTIFF

      v.                              Civil No. 11-5145

SHERIFF TIM HELDER; GUARD
ROY (identified as the older one);
and LIEUTENANT CAMBROSE                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis* and *pro se*. The case is currently before the Court on a motion to dismiss (Doc. 20) filed by the Defendants and a motion for judgment on the pleadings (Doc. 25) filed by Defendants. Plaintiff's response to these motions is contained in his response (Doc. 29) to a show cause order.

**1. Background**

According to the allegations of the complaint, on April 7, 2011, Plaintiff was housed in a medical holding cell because he had type 1, insulin dependent, diabetes. The cell was near the nurse's station and no guard was assigned to this area once the nurse has gone home.

Plaintiff alleges there was a medical call button in the cell; however, no one outside of the nurse's station can hear the bell.

On the evening of April 7th, at around 8:45 p.m., Plaintiff pushed the medical call button to notify staff that his blood sugar was low. Approximately fifteen minutes later, Plaintiff heard the footsteps of a guard entering the nurse's station. Plaintiff began to knock on the door to get

the guards attention. Plaintiff continued to hit and kick the door and approximately fifteen minutes later a guard walking by heard him. Plaintiff's blood sugar was tested and was low. Plaintiff told jail staff about the guard who came into the nurse's station and ignored the call button and Plaintiff's knocking on the door.

Later that evening, Lieutenant Cambrose informed Plaintiff that the guard involved was Guard Roy. After this, Plaintiff indicates he was checked every fifteen minutes and awaken to make sure he "was alive."

Plaintiff was later put into a closed cell that had no call button. Plaintiff states he informed staff that if his blood sugar fell and was not taken care of in a timely manner he could go into a diabetic coma. Plaintiff alleges there were many nights when he had to beat on the cell door for up to thirty minutes when he needed his blood sugar checked.

Plaintiff specifies that he is suing the Defendants in their official capacities only. As relief, Plaintiff seeks an award of monetary damages in the amount of $150,000 for pain and suffering.

**2. Motion to Dismiss (Doc. 20)**

Defendants noticed Plaintiff's deposition for March 23, 2012, at 10:00 a.m. in counsel's office in Fayetteville, Arkansas. Plaintiff did not appear for the deposition. At approximately 1:00 p.m. that afternoon, Plaintiff contacted Defendant's counsel and stated he was not at the deposition because he had to work. Defendants ask for sanctions pursuant to Rule 37(d)(A)(I) of the Federal Rules of Civil Procedure. Specifically, Defendants ask that the case be dismissed. Alternatively, Defendants request that they be awarded reasonable costs, including attorneys' fees and the case be stayed until those fees are paid.

In responding to a show cause order (Doc. 29), Plaintiff stated he did not appear at the deposition because he had been called into work. As soon as he was left work, Plaintiff states he

contacted Defendants' counsel. However, Defendants' counsel was on his way to Little Rock. Plaintiff states he is "very willing" to have the deposition rescheduled.

I recommend that Defendants' motion (Doc. 20) be denied. If the motion for judgment on the pleadings is not granted, Plaintiff should be given a second opportunity to appear at a deposition. However, it should be made clear that if Plaintiff again fails to appear the case will be dismissed and sanctions awarded to Defendants.

### 3. Motion for Judgment on the Pleadings (Doc. 25)

First, Defendants move for dismissal of the case on the grounds Plaintiff failed to exhaust his administrative remedies. Second, Defendants maintains Plaintiff's claim for compensatory damages should be dismissed because Plaintiff has failed to allege any physical injury. Third, Defendants maintain the claims must fail because Plaintiff has not alleged the existence of a county policy that was the moving force behind the alleged violations.

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. Glover v. Merck & Co., Inc., 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D., 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 129 S. Ct.

at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct. at 362.

AO72A
(Rev. 8/82)

*Gorman*, 152 F.3d at 914.

As noted above, to hold a governmental entity liable the action must have been pursuant to official governmental policy or custom that caused the constitutional injury. *Monell v. Dep't of Soc. Servs.*, 346 U.S. 658, 691 (1978). Plaintiff has made no allegations suggesting a custom or policy of Washington County caused the alleged violations of his constitutional rights.

### 4. Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 20) be denied. I further recommend that the motion for judgment on the pleadings (Doc. 25) be granted and this case dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of January 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)