```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**ALEXANDER M. KILLMAN**                                    PLAINTIFF

       v.            Civil No. 11-5145

**SHERIFF TIM HELDER; GUARD
ROY (identified as the older
one); and LIEUTENANT CAMBROSE**                             DEFENDANTS

### O R D E R

Now on this 7th day of March, 2013, come on for consideration the following:

    \*    defendants' **Motion To Dismiss** (document #20);

    \*    defendants' **Motion For Judgment On The Pleadings** (document #25);

    \*    **Report And Recommendation Of The Magistrate Judge** (document #32); and

    \*    plaintiff's **Objections** (document 34),

and the Court, being well and sufficiently advised, finds and orders as follows:

1. In this case brought pursuant to **42 U.S.C. § 1983**, plaintiff complains that he was inappropriately housed, in light of his medical condition, type 1 diabetes. He contends that for a time he was housed in a cell in the nurse's station, which was not manned after the nurse went home for the day. During another period of time he alleges that he was housed in a "closed cell pod," where there was no medical call button. He prays for

$150,000 for "pain & suffering."

In response to a question on the Complaint form about whether he had filed a grievance about these matters, plaintiff states that he filed a grievance on a "related complaint" but not on the "main complaint" because he was "afraid of retaliation through harsh treatment."

    2.   Defendants attempted to depose plaintiff after he had been released from jail, but plaintiff did not appear.  He called later and said he had been at work.  Defendants ask that plaintiff's claim be dismissed as a sanction for this discovery violation.

    3.   Defendants also move for judgment on the pleadings, contending:

    *   that plaintiff failed to exhaust his administrative remedies;

    *   that plaintiff alleges no physical injury; and

    *   that plaintiff failed to allege any official policy or custom with regard to his housing complaint.

    4.   Magistrate Judge Erin L. Setser recommended that the Motion To Dismiss be denied, and plaintiff given a second chance to appear for deposition if his claim was not dismissed on the pleadings.

Notwithstanding this recommendation, Judge Setser also recommended that plaintiff's claim be dismissed for failure to

allege an official policy or custom.

5. Plaintiff objects that he is alleging "whatever policy allows them to house inmates with diabetes in cells with no emergency button. An [sic] to have people in the nurse's station with no way for anyone to hear the emergency button."

Plaintiff also contends that he is alleging physical injury, i.e., "having low blood sugars for extended amounts of time when no one could answer me in my need for my medical attention for my type 1 diabetes."

6. The Court need not resolve the Motion To Dismiss or determine the sufficiency of plaintiff's objections as to the physical injury and policy issues. These issues are moot, because plaintiff's claim is subject to dismissal for failure to exhaust administrative remedies. As provided in **42 U.S.C. § 1997e(a),**

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Complaint indicates that an administrative remedy was available, but that plaintiff chose not to use it because he feared retaliation. Plaintiff's unsubstantiated fears do not excuse the failure to exhaust. The Eighth Circuit has said "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." **Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000).** The Supreme Court has said

"[e]xhaustion . . . is mandatory." **Woodford v. Ngo, 548 U.S. 81, 85 (2006).**

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #32) is **adopted.**

**IT IS FURTHER ORDERED** that plaintiff's **Objections** (document 34) are **moot.**

**IT IS FURTHER ORDERED** that defendants' **Motion To Dismiss** (document #20) is **moot.**

**IT IS FURTHER ORDERED** that defendants' **Motion For Judgment On The Pleadings** (document #25) is **granted,** and plaintiff's claims are **dismissed.**

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**